644 So.2d 112 (1994)
HARVEST INTERNATIONAL, INC., Appellant,
v.
TROPICAL SHIPPING AND CONSTRUCTION CO., LTD., Appellee.
No. 94-464.
District Court of Appeal of Florida, Third District.
October 5, 1994.
Rehearing Denied November 16, 1994.
*113 Rex B. Guthrie, Miami, for appellant.
Hayden and Milliken and Wiliam R. Boeringer, Miami, for appellee.
Before BARKDULL, BASKIN and GODERICH, JJ.
PER CURIAM.
The consignee, Harvest International, Inc., filed an action against Tropical Shipping and Construction Co., Ltd., the carrier, for loss of goods. The parties agreed to a non-jury trial based on the submission of stipulated facts and arguments of law. The trial court entered a final judgment in favor of the carrier. The consignee appealed.
The consignee contends that the trial court erred in entering judgment in favor of the carrier where the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707, applies and imposes strict liability on the carrier for the loss of the goods. We agree.
The Carmack Amendment imposes strict liability on certain carriers for the loss of goods. 49 U.S.C. § 11707. The Carmack amendment does not apply "to shipments by water, rail or motor carriers from a foreign country to the United States, ... unless a domestic segment of the shipment is covered by a separate domestic bill of lading." Capitol Converting Equip., Inc. v. LEP Transp., Inc., 965 F.2d 391, 394 (7th Cir.1992) (citing Swift Textiles, Inc. v. Watkins Motor Lines, Inc., 799 F.2d 697, 701 (11th Cir.1986)).
In the instant case, the shipper issued a through bill of lading. Capitol Converting Equip., 965 F.2d at 394. Additionally, a second inland bill of lading was issued to cover the domestic leg of the journey. Therefore, the Carmack Amendment is applicable to this case. Capitol Converting Equip., 965 F.2d at 391; Swift Textiles, Inc. v. Watkins Motor Lines, Inc., 799 F.2d 697, 701 (11th Cir.1986), cert. denied, 480 U.S. 935, 107 S.Ct. 1577, 94 L.Ed.2d 768 (1987). In an action to recover from a carrier for loss of goods, a plaintiff establishes his prima facie case under the Carmack Amendment, by showing "delivery [to the shipper] in good condition, arrival [at destination] in damaged condition, and the amount of damages." Missouri Pac. R.R. Co. v. Elmore & Stahl, 377 U.S. 134, 137, 84 S.Ct. 1142, 1144, 12 L.Ed.2d 194 (1964). To establish delivery to the shipper in good condition, "the consignee only needs to show that a bill of lading was issued by the shipper stating that a certain weight and quantity of goods were accepted." Judy-Philippine Inc. v. S/S Verazano Bridge, 781 F. Supp. 253, 258 (S.D.N.Y. 1991).[1]
In the instant case, the shipper issued a bill of lading stating that it was accepting 1,104 cartons containing men's polo shirts and weighing 26,450 kilograms. When the consignee unloaded the container, it found that certain cargo was missing. Since there is a discrepancy between the amount stated on the bill of lading and the amount received by the consignee, the consignee has proven damage. See Judy-Philippine, 781 F. Supp at 260. Based on this evidence, we find that the consignee has established a prima facie case for recovery from the carrier.
Once a prima facie case is established, the burden shifts to the carrier to show that it falls within an exception to the Carmack amendment. A carrier is liable for damage "to goods transported by it unless it can show that the damage was caused by `(a) the act of God; (b) the public enemy; (c) the act of the shipper himself; (d) public authority; (e) or the inherent vice or nature of the goods.'" Missouri Pac. R.R. Co. v. Elmore & Stahl, 377 U.S. 134, 137, 84 S.Ct. 1142, 1144, 12 L.Ed.2d 194 (1964) (citations omitted). In the instant case, the carrier has not presented any evidence that would fall within one of these exceptions. Since the loss was not due to one of the five exceptions, the defendant is liable for the loss. Accordingly, we reverse the final judgment entered in favor of the carrier and remand this cause to *114 the trial court for entry of a final judgment in favor of the consignee.
Reversed and remanded with instructions.
NOTES
[1] The consignee in Judy-Philippine Inc. v. S/S Verazano Bridge, 781 F. Supp. 253 (S.D.N.Y. 1991), brought its action against the carrier under the Carriage of Goods by Sea Act [COGSA]. However, the elements of a cause of action for recovery from a carrier are the same under both COGSA and the Carmack Amendment. Therefore, the discussion of these elements in Judy-Philippine is very instructive.