SHEVIN, Judge.
Precision Cutting Services, Inc. [Precision], appeals a summary judgment entered in favor of King Ocean Central America, S.A. [King Ocean]. We reverse.
King Ocean arranged to ship Precision’s goods via ocean carrier from Costa Rica to Miami and overland from Miami to Little Rock, Arkansas, via motor carrier. In its bill of lading, King Ocean agreed to be responsible for any loss or damage to the goods while in the custody of the inland carrier.[1] The goods were allegedly stolen while in the custody of the inland motor carrier, Paradise Freightway, Inc., at Paradise’s Miami freightyard. A separate bill of lading evidenced this portion of the transport. Precision filed an action against King Ocean to recover damages for the stolen goods. The action was filed more than a year after the goods were stolen. The trial court entered summary judgment in favor of King Ocean ruling that this action was governed by the one-year statute of limitations as stated in the Carriage of Goods by Sea Act, 46 U.S.CApp. § 1303(6) (1992) [COGSA], On appeal, Precision asserts that the Carmack Amendment, 49 U.S.C. § 11707 (1992), rather than COGSA, governs the action, and that the Carmack Amendment precludes a one-year limitation period.
We agree with Precision’s assertion that pursuant to Harvest International, Inc. v. Tropical Shipping & Construction Co., Ltd,., 644 So.2d 112 (Fla. 3d DCA 1994), the Car-mack Amendment governs this case. The Harvest court stated that “[t]he Carmack Amendment does not apply ‘to shipments by water, rail or motor carriers from a foreign country to the United States, ... unless a domestic segment of the shipment is covered by a separate domestic bill of lading.’ ” Harvest Int’l, Inc., 644 So.2d at 113 (quoting Capitol Converting Equip., Inc. v. LEP Transp., Inc., 965 F.2d 391, 394 (7th Cir.l992))(emphasis added). Here, as in Harvest, the domestic inland portion of the shipment from a foreign country was covered by a separate bill of lading. Therefore, re *826 versal is appropriate.[2] Accordingly, holding that the court erred in granting summary judgment based on COGSA’s limitation period, we reverse the judgment and remand for further proceedings.
Reversed and remanded.
SCHWARTZ, C.J., concurs.

. Paragraph 4(1) of King Ocean’s bill of lading states:
If it can be proved that the loss or damage occurred while the Goods were in the custody of the inland carrier the liability of the [ocean] Carrier and the limitation thereof shall be determined in accordance with the inland carrier’s contracts of carriage and tariffs, or in the absence of such contracts or tariffs, in accordance with the international law of the state where the loss or damage occurred.

. As to the statute of limitations, it is unnecessary for the King Ocean bill of lading "to extend the statute of limitations," special concurrence at p. 11 n. 3, when, as here, King Ocean "subjected itself to Carmack Amendment liability for the United States leg of the international journey.” Id.